IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| David Kanoelani Ashford,<br>Petitioner, | )<br>)<br>) |
| v. | )    1:09cv1321 (GBL/TCB) |
| | ) |
| Gene M. Johnson,<br>Respondent. | )<br>)<br>) |

MEMORANDUM OPINION

David Kanoelani Ashford, a Virginia inmate now proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the County of New Kent, Virginia of solicitation to commit murder for hire and attempted murder for hire. Ashford initially filed this action pro se. Counsel thereafter noticed an appearance on Ashford's behalf, and his motion to amend the petition was granted. An amended petition was filed on August 30, 2010 and respondent moved to dismiss the amended petition on December 13, 2010. By Order entered July 5, 2011, petitioner was directed to provide evidence of the date he placed his petition in the prison mailing system, and petitioner submitted a response on August 7, 2011. For the reasons that follow, Ashford's petition will be dismissed as time-barred.

**I. Factual Background**

Ashford was placed in Henrico County East Regional Jail after being charged with many offenses against his estranged wife. See Va. Ct. App. Op., Feb. 28, 2006, at 2, ECF No. 24-1. While an inmate there, Ashford began to talk to Landon Onek about killing Ashford's wife. Ashford eventually asked Onek to kill his wife in exchange for a car, a gun, and one thousand dollars. Ashford provided Onek with a calendar of when he wanted her killed, as well as

1

detailed, accurate maps of his wife's neighborhood and workplace. Onek told his attorney about his conversations with Ashford, and Onek's attorney advised him to cooperate with police officials. Id.

The police interviewed Onek and examined the materials that Ashford had provided. The police then gave Onek the telephone number of a police investigator who would pretend to be a hit man. Onek gave the number to Ashford, who called the investigator the next day and told him that he wanted his wife killed. The investigator told Ashford he would kill Ashford's wife if Ashford paid him two thousand dollars, and provided his address. Ashford told Onek about the conversation and the terms of the agreement. A few days later, the investigator received maps of Ashford's wife's house and workplace, a description of the visitation arrangements for Ashford's children, and a letter that stated that Ashford wanted his wife killed that weekend. The letter included the instruction that "there is no love lost, so be brutal if you need to." Id. The next day, two thousand dollars and pictures of Ashford's wife arrived at the investigator's address. Id.

## II. Procedural History

On August 17, 2004 in the Circuit Court for New Kent County, Virginia, a jury convicted Ashford of solicitation of capital murder for hire and attempted capital murder for hire. Commonwealth v. Ashford, Case Nos. CR03000174-06, CR03000174-07. The court sentenced him to life plus forty years. Ashford pursued a direct appeal to the Court of Appeals of Virginia, arguing that "(1) his actions did not amount to the requisite 'overt act' necessary to be convicted of attempted capital murder for hire, and (2) the presentation of both charges to the jury in the same trial was error," and his convictions were affirmed by published opinion on February 28, 2006. Ashford v. Commonwealth, 626 S.E.2d 464 (Va. Ct. App. 2006). The Supreme Court of Virginia refused Ashford's petition for appeal on July 20, 2006 and denied the petition for

rehearing on November 17, 2006. Ashford v. Commonwealth, R. No. 060729. Therefore, petitioner's conviction became final on February 15, 2007, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[2]

On November 19, 2007, petitioner filed a state habeas petition pro se in the Supreme Court of Virginia, arguing, inter alia, that he received ineffective assistance of counsel because his attorney failed to call certain witnesses at trial, failed to call petitioner to testify, failed to seek an instruction on the abolition of parole, and failed to present mitigating evidence at sentencing. The court dismissed the petition on July 23, 2008 and denied the petition for rehearing on November 6, 2008. Ashford v. Director of the Dep't of Corr., Case No. 072391, ECF No. 24-7, 24-8. Petitioner then filed a Motion for Reconsideration on December 8, 2008, which was denied on January 13, 2009.

On April 1, 2009, Ashford, proceeding pro se, filed the instant federal habeas petition.[3] Petitioner then hired an attorney, who filed an amended petition raising the following claims:

(1) Ashford received ineffective assistance of counsel during the guilt phase of the trial when his attorney unreasonably failed (a) to present Ashford's testimony, and (b) to investigate the background of the prosecution's witness Landon Todd Onek.

---

[2] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Although Ashford states that he placed his petition in the prison mailing system on April 1, 2009, the envelope containing the petition was not stamped as received by the Court until November 18, 2009. In response to the Order of July 5, 2011, Ashford provided an affidavit from Correctional Officer Buford, in which Buford states that he saw Ashford place an envelope addressed to the U.S. District Court for the Eastern District of Virginia into the institutional mailbox at Sussex II State Prison on April 1, 2009. See Buford Aff. at 1, ECF No. 28-1. No additional explanation of the seven-month delay between that date and the date the petition was received by the Court was provided. Nonetheless, the Court will assume without deciding that the petition was filed on April 1, 2009 because even so, the petition is still untimely.

(2) Ashford received ineffective assistance of counsel during the sentencing phase of the trial when his attorney unreasonably failed (a) to investigate and present mitigation evidence, (b) to present Ashford's testimony, (c) to petition the trial court to instruct the jury on the unavailability of parole, all of which individually and cumulatively resulted in prejudice.

Based on the pleadings and record before this Court, it is uncontested that Ashford exhausted all of his claims as required under 28 U.S.C. § 2254. However, this petition must be dismissed because the applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claims presented.

### III. Applicable Law

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In calculating the one-year period under § 2244, however, the Court must exclude the time during which properly filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts).

### IV. Analysis

In this case, petitioner's conviction became final on February 15, 2007. Between February 15, 2007, the date the denial of petitioner's conviction became final, and November 19, 2007, the date petitioner filed his state habeas petition, 277 days passed. Between November 6, 2008, the date the petitioner's state habeas petition became final and April 1, 2009, the date the

petitioner filed his federal petition, an additional 146 days passed. When these days are combined they establish that the instant petition was filed 58 days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d).

Petitioner argues that his petition is timely because his Motion for Reconsideration of the denial of his state habeas corpus application also tolled the limitations period, but his position is misplaced. While it appears that there is not published authority directly on point, it is apparent that, in Virginia, a Motion for Reconsideration is not a properly filed state collateral proceeding under § 2244(d)(2). A motion in a state collateral proceeding is properly filed only if it complies with the applicable state rules and laws governing filings. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000). A motion not provided for by state law cannot be properly filed within the meaning of § 2244, because otherwise the filing of such motions would undermine the one-year time bar and would open the door to abusive and frivolous filings by petitioners who could continue to file any number of last minute motions in an attempt to prolong the time in which they can file a federal habeas petition. In this case, the Rules of the Supreme Court of Virginia which govern state habeas proceedings do not provide for the filing of a Motion for Reconsideration following a denial of a petition for rehearing in the state habeas proceeding. See Va. Sup. Ct. R. 5:7, 5:20 (providing for the filing of an original habeas proceeding and a petition for rehearing after the decision of the court, but making no mention of a motion for reconsideration after denial of rehearing). Thus, Ashford's Motion for Reconsideration to the Virginia Supreme Court was not "properly filed" pursuant to applicable state law, and did not act to toll the § 2244(d)(1) limitations period. As a result, the petitioner's state habeas proceeding became final and the tolling period concluded on November 6, 2008, the

date the Supreme Court of Virginia denied the petitioner's properly filed petition for rehearing.[4] Using this date, the instant petition is untimely.

In his Response in Opposition to Respondent's Motion to Dismiss the petitioner argues that he is entitled to equitable tolling because (1) he filed his state habeas petition pro se, (2) because his filing deadline was frustrated by his counsel's failure to provide him with records, (3) because his sentence of life without parole is of great significance, and (4) because his delay is only slight.

The United States Supreme Court recently established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

---

[4] The Respondent's additional argument that the statute of limitations was tolled from the date the Supreme Court of Virginia denied the petition for rehearing until the time the petitioner filed his Motion for Reconsideration, although correct, is mooted by this Court's finding that the Motion for Reconsideration was not properly filed and limitations clock resumed on November 6, 2008 when the petition for rehearing was denied.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

In this case, petitioner first argues that equitable tolling should apply because he is "without any formal legal training" and he filed his state habeas petition pro se. Petitioner's contention that equitable tolling should apply in his case because his status as an unrepresented layman at law caused him to miss a filing deadline is not a novel argument, and is one that has been uniformly rejected not only by the Fourth Circuit, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."), but also by virtually every court that has considered it. See, e.g., Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling ...."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same). Here, then, petitioner's attempt to rely on his pro se status as a basis for equitable tolling is unavailing.

Petitioner next argues he is entitled to equitable tolling because his "ability to comply with the filing deadline was frustrated by trial counsel and direct counsel's failure to provide him with records." Failure of counsel to provide these records does not, however, rise to the level of

7

extraordinary circumstances beyond the petitioner's control sufficient to warrant equitable tolling. First, petitioner does not specify the type of records counsel failed to provide him with or how the lack of such records prohibited him from meeting the filing deadline. Furthermore, petitioner was fully capable of filing a federal petition and adequately presenting his claims without the assistance of such records, as evidenced by his April 1, 2009 federal habeas petition. See, e.g., United States. v. Oriakhi, 394 Fed. App'x. 976, 977, 978 (4th Cir. 2010) (finding counsel's failure to furnish transcripts insufficient for equitable tolling when petitioner did not show that the transcripts were necessary to the timely filing of his federal petition and petitioner eventually filed a federal petition without such transcripts).

Third, petitioner contends that the significant nature of his sentence, life without the possibility of parole, must be considered in determining whether to grant equitable tolling. The Fourth Circuit, however, has specifically refused to take into account a petitioner's sentence when determining whether equitable tolling applies. See Rouse 339 F.3d at 251 (4th Cir. 2003) ("[W]e decline to adopt an equitable tolling test that would consider a petitioner's underlying claim or sentence.") Accordingly, the Fourth Circuit has declined to extend equitable tolling in cases involving sentences much more severe than the petitioner's. See, e.g., id. at 251 (refusing to apply equitable tolling in a death penalty case).

Lastly, the petitioner maintains that equitable tolling is appropriate because his delay "amount[ed] to . . . no more than a few weeks." However, the short length of a delay is not, by itself, adequate to invoke equitable tolling. The petitioner must also offer some legitimate reason for the delay. See id. ("[W]e look not to the length of the delay, but to the reasons for the delay in determining whether equitable tolling is appropriate."). Consequently, this Circuit has refused to equitably toll petitions filed just one day late when the petitioner has offered no reason for the

8

delay. See id. (refusing to extend equitable tolling to a petition filed one day late, explaining that failure to adhere to the one-year limitation period "even by only a few days, would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally") (internal quotations, citations omitted). Therefore, petitioner's bald assertion that his delay was slight, without any reason justifying such delay, does not warrant equitable tolling.

Because this petition is time-barred, the Court declines to reach the merits of petitioner's claims.

### III. Conclusion

For the above stated reasons, respondent's Motion to Dismiss will be granted and the petition will be dismissed. An appropriate Order shall issue.

Entered this _12th_ day of _September_ 2011.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge